Per Curiam.
The first ground for reargument, viz., that no disposition, "was made of the question as to in what capacity the plaintiffs held the shares of Lucy and Bessie during the minority of said defendants, is an error into which counsel has fallen from a failure to carefully read the opinion. Nothing can be clearer, in speaking of the position that the plaintiffs held towards the fund belonging to these defendants, than language holding that the shares of such defendants were not held by plaintiffs in a personal capacity, but in a representative capacity.
The second ground, that there is no testimony that the shares remained unseparated without objection, and that, therefore, the parties would be precluded on the accounting from introducing important testimony, is equally without merit. No claim is made that these defendants produced testimony showing that there was, under the decree of 1883, a distinct separation of the shares of the several defendants, and thereafter a separate holding of such shares by plaintiffs. The parties, however, upon the accounting, are to be affected, not by the opinion, but by the judgment entered at special term, as modified by this general term; and we fail to see how these defendants would be prejudiced by any expression in the opinion from presenting upon the accounting such objections to the manner in which the various trusts have been administered by the plaintiffs as will secure them their respective rights. We think the application for a reargument is without merit, and should be denied, with ten dollars costs.